Treat, C. J. This is an original suit in this Court, brought ón the bond given by the Collector of Pulaski County, for the collection of the taxes for the year 1847. It is submitted on an agreed state of facts, as follows: the collector, on the 12th of Jan., 1848, paid to Milton Carpenter, then. Treasurer of State, one hundred dollars on account of the revenue for the year 1847, and obtained the treasurer’s receipt therefor; but the receipt was not countersigned by the Auditor, nor was a duplicate filed with the auditor, in conformity with the uniform practice in such cases; in consequence of which, the collector has never been credited with the amount on the books of the auditor. The only question relates to the validity of this payment. By the law of March 2d, 1883, the treasurer was required to give duplicate receipts for payments made on account of the revenue; one of which was to be filed with the auditor, and entered on the books of his office; the other was to be countersigned by the auditor, and delivered to the person making the payment; and no payment was to be considered as made, until the treasurer’s receipt was countersigned by the auditor. Rev. Laws of 1833, p. 104, §6. In the revision of the laws in 1845, that provision was not retained. The statute, now in terms, only requires the treasurer to receive the proceeds of the revenue, keep a true account thereof, and “ report monthly to the auditor, the amount of money which he may have received, stating on what account the same was paid into the treasury.” E. S. ch. 13, §13-14. This change in the law seems to be conclusive of the question. The payment was made to the authorised agent of the State, and operated pro tanto to discharge the collector. The neglect of the treasurer to report the payment to the auditor ought not to prejudice the collector. The latter performed his whole duty by paying the money into the treasury. The remedy of the State is against the treasurer. We understand that the regulation prescribed by the act of 1833, has, notwithstanding the change in the law, been pursued until the present time; and this case forms' the only instance, in which payments have been made to the treasurer, without the filing of a duplicate receipt with the auditor. This practice, may with great propriety be sanctioned by the Legislature, by the re-enactment of the law of 1833. The practice operates as a salutary check on the treasurer. Under it, the books of the auditor will exhibit the true state of the receipts into the treasury, without regard to the monthly reports of the treasurer. The present case forcibly illustrates the propriety of the practice. ETo duplicate receipt was issued and filed with the auditor, and the treasurer failed to include the payment in his report to the auditor. In the settlement with the treasurer, the sum in question was not charged against him. If the treasurer omitted to report the payment, the State may yet recover the amount from his representatives, on the ground that it was not taken into consideration in the settlement. Judgment must be entered for the defendants. Judgment for defendants.